IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA
for the use and benefit of
WARWICK PLUMBING & HEATING CORPORATION,

     *Plaintiff,*

v.                                 CIVIL ACTION NO.: _____

FEDERAL INSURANCE COMPANY,

SERVE:     CT Corporation System, Registered Agent
             4701 Cox Road, Suite 285
             Glen Allen, VA 23060

     *Defendant.*

<u>COMPLAINT</u>

     Plaintiff, the United States of America, for the use and benefit of Warwick Plumbing & Heating Corporation states, its Complaint as follows:

     1.  This Court has jurisdiction over this matter pursuant to The Miller Act, 40 U. S. C. §§ 3133, et. seq.

     2.  The United States of America construction project on which this action is based is located at Veterans Administration Medical Center, Richmond, Virginia, identified as Improve Patient Privacy 4C/B, VAMC – Richmond, Virginia (Contract VA246-16-C-0003 (Project)) which is within the venue limits of the Eastern District of Virginia, Richmond Division.

3.  Warwick Plumbing & Heating Corporation (hereafter "WP&H") is a corporation incorporated under the laws of the Commonwealth of Virginia having its principal place of business in Newport News, Virginia.

4.  Paige Industrial Services, Inc. (hereafter "PISI") is a corporation formerly having its principal place of business in Landover, Maryland.  Upon information and belief, PISI is no longer an active business concern and ceased business operations prior to the completion of the Project that is the subject of this action.

5.  HLS Construction, Inc. (hereafter "HLS") is a commercial construction company formerly having its principal office in Baltimore, Maryland.  Upon information and belief, HLS is no longer an active business concern and ceased business operations prior to the completion of the Project that is the subject of this action.

6.  Federal Insurance Company (Federal) is a compensated corporate surety licensed to do business in the Commonwealth of Virginia.

7.  Defendant, HLS entered into a contract with the United States of America, Department of Veterans Affairs, to perform certain improvements on a contract known as Improve Patient Privacy 4C/B, VAMC – Richmond, Virginia (Contract VA246-16-C-0003 (Project)).

8.  On or about March 7, 2016, a payment bond was posted for the Project pursuant to the Miller Act, a copy of which is attached hereto as Exhibit A, binding HLS as principal and Federal as surety to make prompt payment to all persons supplying labor and material in the prosecution of the work provided for on the Project (hereafter the "Payment Bond").

9.  Thereafter, HLS entered into a subcontract with PISI in which PISI agreed to perform a part of the work of the Prime Contract (hereafter the "Subcontract").  Upon information and belief, PISI did not provide a payment bond on the Project for the Subcontract work.

10.  Thereafter, PISI entered into a subcontract with WP&H for certain described work required as part of the Subcontract and Project (hereafter the "Sub-Subcontract").

11.  WP&H has furnished labor and materials under its Sub-Subcontract with PISI, with changes thereto, and is owed the sum of $181,733.20, a part of which sum has been due and owing since February 2020.

12.  Despite demand, PISI has knowingly and wrongfully refused to pay to WP&H the $181,733.20 for labor and materials furnished to the Subcontract and Project through the Sub-Subcontract.

13.  PISI and has materially breached its legal obligations to WP&H pursuant to the Sub-Subcontract due to PISI's failure and refusal to pay to WP&H the $181,733.20 due and owing for labor and materials furnished to the Subcontract and Project through the Sub-Subcontract. WP&H has been damaged by PISA as a result of said breach of the Sub-Subcontract in the amount of $181,733.20.

14.  WP&H, having furnished labor and materials to the Subcontract and Project through the Sub-Subcontract, is in that class of persons having claims for labor and materials furnished to the Subcontract and Project under the March 7, 2016 Payment Bond provided by defendants HLS and Federal.

15.  Defendants, HLS and Federal are jointly and severally liable under their Payment Bond dated March 7, 2016 to WP&H for labor and materials furnished by WP&H to the Subcontract and Project through the Sub-Subcontract in the amount of $181,733.20.

16.  By letter dated February 21, 2020, WP&H gave written notice to HLS, within 90 days from the last day on which WP&H furnished the last of the labor and materials for which WP&H at that time claimed payment in the amount of $181,733.20.  This written notice letter was timely provided to HLS within 90 days from the last day that WP&H provided labor or material to the Project and Subcontract through the Sub-Subcontract as required by 40 U.S.C., §§ 3133, *et. seq.*  A copy of this written notice letter is attached to this pleading as Exhibit B and incorporated herein.  Subsequent to this initial and continuing Notice, WP&H incurred additional labor and materials on the Project and provided supplemental notice to HLS and Federal that its claim amount had increased to $181,733.20.

17.  More than 90 days, but less than one year, has elapsed since WP&H last furnished labor and materials to the Project.

18.  The labor and materials for which payment is claimed were provided to the Project by WP&H at the Veterans Administration Medical Center in Richmond, Virginia.

19.  Despite demand, Federal has failed and refused to pay any of the balance of $181,733.20 due and owing to WP&H for labor and materials provided to the Subcontract and Project through the Sub-Subcontract.

20.  All statutory and contractual preconditions and prerequisites to the filing and maintenance of this suit, and to WP&H recovery of the $181,733.20 due and owing for labor and materials provided to the Subcontract and Project through the Sub-Subcontract, have been complied with, satisfied, or waived.

21.  Federal has no viable defenses to the claim of WP&H for payment in the amount of $181,733.20 due and owing to WP&H for labor and materials provided to the Subcontract and

Project through the Sub-Subcontract.  Therefore, Federal is justly indebted to WP&H in the amount of $181,733.20.

22.   WP&H is a proper claimant bond claimant under the Payment Bond and the Miller Act.  WP&H has provided Federal with the requisite statutory Miller Act Notice of its valid Payment Bond claim (Payment Bond Claim).  Thereafter, Federal has requested and WP&H has provided Federal with written documentation in support of the Payment Bond Claim.  Since that time, WP&H has repeatedly requested in writing for a status report on this Payment Bond Claim and a timeframe for when this Payment Bond Claim will be paid.  To date, Federal has not raised a single legal or factual defense or even question the validity of the Payment Bond Claim.

23.   The Payment Bond, like any other contract in Virginia, includes a duty of good faith and fair dealing by the parties.  Federal failed to make prompt payment to WP&H for work performed on the Project, with no explanation or justification whatsoever to WP&H for such failure to make payment.  Federal breached its duty of good faith and fair dealing towards WP&H as a proper claimant under the Payment Bond by its actions and inactions relating to the sums owed to WP&H for work performed on the Project.  Finally, by letter dated July 15, 2021 (Attached as Exhibit C), counsel for WP&H notified Federal c/o Chubb Surety as follows:

> I represent Warwick Plumbing & Heating Corp. ("Warwick"), an unpaid subcontractor to HLS Construction, Inc. on the Project to Improve Patient Privacy for C/B, H. H. McGuire VA Medical Center, 1201 Broad Rock Blvd., Richmond, VA 23249.
>
> To date, Warwick has provided Chubb with numerous documents in support of its Miller Act Claim, including timely notice and documents supporting the Claim.
>
> To date, Chubb has acknowledged the Warwick Miller Act Claim but has done nothing else but request additional documentation.
>
> To date, no representative of Chubb has contacted me to discuss this claim or make any offer to pay Warwick anything on the Claim.

5

*The Payment Bond issued by Chubb on this project requires Chubb to pay valid Miller Act claims for labor, equipment and materials provided to this project.  Warwick has a valid Miller Act Claim for labor, equipment and materials provided to this project.*

*The Payment Bond issued by Chubb on this project requires Chubb to act in good faith when handling claims and dealing with claimants.  A good faith handling of this Claim would require Chubb to at least contact me to address the Claim and attempt to make a good faith attempt at resolution of the claim.*

*To date, Chubb has refused to pay this valid Claim, has failed to handle this Claim in good faith and has failed to even contact me to discuss the Claim and a good faith attempt to resolve the Claim.*

*I have been authorized by Warwick to file suit on the Payment Bond. However, before filing suit and incurring needless costs and attorney's fees, I am making this last attempt to ask Chubb to handle this Claim in good faith and contact me about a good faith resolution of the Claim.*

***In the event Chubb refuses this request to discuss this claim in a good faith attempt to resolve the claim by July 25, 2021, I will file suit in the US District Court for the Eastern District of Virginia, Richmond Division for all amounts owed to Warwick on this Claim.***

***If Chubb refuses this request to discuss this claim, and I am forced to file suit, I  shall include this letter as an Exhibit to the Complaint.  This letter and Chubb's refusal to respond shall form the basis for Warwick's claim for pre- and post-judgment interest, costs and attorney's fees due to Chubb's failure to carry out its duties under the Payment Bond in good faith.***

*This letter is without prejudice.*

24.  Federal has wholly failed and refused to even acknowledge receipt of this letter. This letter and Federal's decision to ignore this letter further supports the WP&H claim for recovery of additional costs, expenses and attorney's fees arising from Federal's failure to carry out its contractual duties under the Payment Bond in good faith.

WHEREFORE, the United States of America for the use and benefit of Warwick Plumbing & Heating Corporation demands judgment against the defendant Federal Insurance Company in the amount of $181,733.20 plus prejudgment interest thereon from February 2020

until paid and additional costs and damages directly due and owing due to Federal Insurance

Company's breach of its bond, contractual and statutory duties to include an award of attorney's

fees herein.

UNITED STATES OF AMERICA, for the use
and benefit of Warwick Plumbing & Heating
Corporation, Plaintiff


By: _____ /s/ David A. Hearne _____
                        Of Counsel


David A. Hearne, Esq. (VSB 28674)
REAVESCOLEY, PLLC
555 Belaire Avenue, Suite 300
Chesapeake, VA 23320
757-410-8066 – Office
757-410-8258 – Facsimile
david.hearne@reavescoley.com